U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 4 2010

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES E. RAYMOND | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-2197-K |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles E. Raymond, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner was released to parole after serving part of a 20-year sentence for aggravated robbery with a deadly weapon. In July 2008, petitioner's parole was revoked for violating the conditions of his release. Petitioner then filed this action in federal district court challenging the revocation of his parole and the calculation of sentence credits.

On November 20, 2009, the court sent written interrogatories to petitioner in order to determine whether these claims were raised in state court. Petitioner answered the interrogatories on December 10, 2009. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). Under Texas law, claims involving parole revocation hearings are cognizable in an application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Levi v. Director, TDCJ-ID*, No. 1-06-CV-37, 2006 WL 2504783 at *2 (E.D. Tex. Aug. 29, 2006), *citing Bd. of Pardons and Paroles ex rel Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Petitioner has never presented any of his claims to the Texas Court of Criminal Appeals in an application for state post-conviction relief. (*See* Hab. Pet. at 3, ¶¶ 8, 10 & 5, ¶¶ 14, 19; Mag. J. Interrog. #7). Because petitioner has failed to exhaust his state remedies, this case must be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE